## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

Antwon Robinson,                    )
      Plaintiff,                   )
                    )
v.                                  )        1:14cv176 (TSE/IDD)
                    )
B. L. Andres,                       )
      Defendant.                   )

### MEMORANDUM OPINION

Antwon Robinson was a Virginia inmate proceeding pro se when he filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he was the victim of excessive force upon his arrest and that he was deprived of medical attention for his resulting serious injuries.[1] By Order dated February 28, 2014, deficiencies in the complaint were discussed, and plaintiff was allowed thirty (30) days within which to particularize and amend his allegations in an amended complaint, to state a claim or claims for which § 1983 relief is available. Plaintiff also was directed either to pay the statutory filing fee of $350.00 for this action plus a $50.00 administrative fee or to apply to proceed in forma pauperis, and in the latter instance also to sign and return a Consent Form. Plaintiff has moved for in forma pauperis status and has submitted a letter which apparently is intended to serve as an amendment to the initial complaint. After careful review, the claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to

---

[1]Plaintiff recently informed the Court by letter that he expected to be released from incarceration on March 25, 2014, and that he would be residing at a private residence in Centreville thereafter. Dkt. 5.

state a claim.[2]

## I. Background

In the initial complaint, plaintiff alleged that on January 5, 2014, he and several friends went to Club V5 in Centreville, Virginia. One of plaintiff's friends paid his cover charge. However, shortly after the group entered the club a security officer accused plaintiff of not paying a cover charge and escorted him out of the club. Plaintiff asked for a refund and it was refused, and "female officer" B. L. Andres approached and told plaintiff that if he didn't leave he would be arrested for being drunk in public. Plaintiff explained that he had not consumed any alcohol and just wanted his money back, but "several officers" grabbed plaintiff and Officer Andres "took [him] to the ground," which caused plaintiff's "arm to pop[] out of [his] shoulder" and his face to be scraped. Plaintiff asked for medical attention but it was refused, although he allegedly had "several injuries that require surgery." Compl. at 5.

In response to the Order of February 28, plaintiff has submitted what apparently is intended as an amendment to the initial complaint. In its entirety, it states:

> Officer Andres use [sic] excessive force, and the [sic] denied me

---

[2] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

> medical attention. I told her that my shoulder felt like it had been
> dislocated and she just told me that "Nothing was wrong with me,"
> and that I don't need medical attention.
>
> Mrs. Andres misused her authority and used excessive force when she
> grabbed me and slung me to the pavement when I was cooperating
> and explaining to her that I was not drunk nor did I consume any
> alcohol that night.

Dkt. 5

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55.

## III. Analysis

To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this

3

deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).  When plaintiff's allegations are read liberally, as is appropriate, it appears that he intends to allege claims of the use of excessive force by Officer Andres, as well as deliberate indifference to his resulting serious medical needs by unspecified defendants.

"The Fourth Amendment 'governs claims of excessive force during the course of an arrest.'" Robles v. Prince George's County, 302 F.3d 262, 268 (4th Cir. 2002) (quoting Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997)).  "The 'reasonableness' inquiry in an excessive force case [governed by the Fourth Amendment] is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989) (citations omitted).  Further, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Id. at 396 (internal citation omitted).  A district court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (citing United States v. Place, 462 U.S. 696, 703 (1983)). The "outcome of this balancing test necessarily depends on the facts and circumstances of the particular case." Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988).  In Justice v. Dennis, 834 F.2d 380, 383 (4th Cir.1987), judgment vacated, 490 U.S. 1087 (1989), the Fourth Circuit approved jury instructions which defined the standard for evaluating a claim of excessive force perpetrated by a police officer as whether the force was so "brutal, demeaning and harmful as literally to shock the conscience of a court." Other factors to be considered in an excessive force claim are " 'the need for the application of

4

the force; ... the relationship between the need for the force and the amount of force used; ... [and] the extent of injury inflicted.' " Id.; see also, Bailey v. Turner, 736 F.2d 963, 965 (4th Cir.1984) (framing test as whether use of force "shocks the conscience" or has been applied "maliciously and sadistically for the purpose of causing harm")

Pursuant to these authorities, plaintiff was directed in the February 28 Order to provide additional information concerning his encounter with Officer Andres. In particular, plaintiff was instructed to specify the charge or charges for which he was arrested following the incident he describes, and to explain in as much detail as possible the sequence of events leading up to Officer Andres' alleged actions. Dkt. 3. Nonetheless, as described above, plaintiff has failed to follow those instructions, and instead has submitted a brief amendment to the complaint which provides no information whatever concerning the factors enumerated in Justice, 834 F.2d at 383. At this juncture, then, plaintiff's claim of excessive force consists entirely of the allegations that Officer Andres "took [him] to the ground" although he was not intoxicated, which caused him to suffer an injury to his shoulder and a scrape on his face. Taken as true, these allegations fall well short of indicating that Officer Andres applied force in a manner that was so "brutal, demeaning and harmful as literally to shock the conscience of a court." Id. Accordingly, plaintiff has failed to state a claim that his Fourth Amendment rights were violated during his encounter with Officer Andres, and his claim must be dismissed pursuant to § 1915A for failure to state a claim.[3]

The February 28 Order noted that plaintiff's reference to the failure to provide medical treatment for his injuries may well have been intended by plaintiff to state a cause of action for deliberate indifference to his serious medical needs. Accordingly, the February 28 Order

---

[3]In deference to his pro se status, plaintiff is advised that this dismissal does not preclude his ability to bring a tort action against defendant in the appropriate Virginia court, should he wish to do so.

reviewed the applicable law in this regard.  Specifically, plaintiff was informed specifically that
to state a claim for violation of his Eighth Amendment rights, he first must allege a sufficiently
serious medical need, Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987), and he then must
allege deliberate indifference to that need in the form of actions by the defendant that were "[s]o
grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to
fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  Pursuant to these
principles, plaintiff was informed that he should amend his complaint to provide as much detail
as possible concerning the nature of the injuries he sustained that went untreated as well as the
manner in which he was denied medical care.  Dkt. 3.  In addition, because plaintiff named no
defendant in connection with his claim of inadequate medical care, he was advised that for that
claim to proceed, he must  name the person or persons he believed responsible for the harm he
asserted. Plaintiff has failed to comply with any of those instructions, and in fact makes no
mention of an Eighth Amendment claim in the amendment to the complaint quoted above.
Accordingly, plaintiff states no claim for deliberate indifference to his serious medical needs, and
that claim must be dismissed for failure to state a claim pursuant to §1915A.

### IV. Conclusion

For the foregoing reasons, the complaint must be dismissed for failure to state a claim for
which relief can be granted. Plaintiff's application to proceed in forma pauperis must be denied,
as moot. An appropriate Order shall issue.

Entered this _____31st_____ day of _____March_____ 2014.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

6